
EOD
07/07/2009

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DATRON L. BRANCH, | § | Case No. 08-41639 |
| | § | (Chapter 13) |
| Debtor. | § | |

## MEMORANDUM OPINION

On June 24, 2009, came on to be heard the objection of Datron L. Branch ("Debtor") to the secured claim of Crescent Bank & Trust ("Crescent"). The Court has core jurisdiction of this matter under 28 U.S.C. §§ 157(b)(2)(B) and 1334. This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law under Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 7052.[1]

### BACKGROUND

On or about August 24, 2007, Debtor and his non-debtor wife purchased a 2006 Nissan Maxima sedan for $20,718.75 (including sales tax). The seller was Dallas Roadster, and the last paragraph of the sales contract states that "[t]his Contract and Security Agreement is assigned to Interactive Financial Acceptance, LLC" under the terms of a separate agreement between Dallas Roadster and Interactive Financial Acceptance, LLC. Interactive Financial Acceptance, LLC recorded a lien on the Texas Certificate of Title for the vehicle on August 24, 2007.

Debtor initiated this bankruptcy case by filing a petition for relief under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code") on December 1, 2008. Debtor lists Crescent as a secured creditor in his bankruptcy schedules with a lien on the

---

[1] To the extent any finding of fact is construed to be a conclusion of law, it is hereby adopted as such. Likewise, to the extent any conclusion of law is construed to be a finding of fact, it is hereby adopted as such.

2006 Nissan Maxima. Crescent timely filed proof of its claim, which the Court denominated claim number four, in the amount of $17,430.50. Crescent asserts that its claim is secured by the 2006 Nissan Maxima and attached a copy of sales contract, the service contract, and the Texas Certificate of Title for the vehicle to its proof of claim.

The Chapter 13 trustee filed her Trustee's Recommendation Concerning Claims ("TRCC") on March 13, 2009. The Chapter 13 trustee recommended that Crescent's claim be paid as secured in the amount of $11,310 and unsecured in the amount of $6,120.50. The time for filing an objection to the treatment of Crescent's claim proposed by the TRCC was twenty-one days from the date of service of the TRCC (*i.e*., April 3, 2009) pursuant to Local Bankruptcy Rule ("LBR") 3015(g)(2).

On April 3, 2009, Debtor filed an objection to the proposed treatment of Crescent's claim. Debtor states as grounds for the objection that there is "no document showing any contractual or relationship between Crescent Bank and the Debtor." Debtor denies that he owes Crescent and further states that "[t]he title to the vehicle shows Interactive Financial Acceptance LLC as the lienholder, not claimant. The claim is not a secured claim. The claim is not enforceable against the Debtor and should be denied pursuant to 11 U.S.C. §502(b)(1)." Debtor further states in his objection:

> Crescent filed a "Secured" Proof of Claim. The claim does not attach a servicing agreement or agency agreement between Claimant and the person signing the claim. Alternatively, it is not clear on the claim or from the documents attached who the person signing the claim represents. The claim should be denied. The claim is not enforceable against the Debtor and should be denied pursuant to 11 U.S.C. §502(b)(1).

Finally, Debtor states that "Crescent should have an allowed claim of $0."

On April 10, 2009, Crescent filed an amended proof of claim. The amended claim differs from the original claim in that it attaches a copy of an additional document

2

entitled "Assignment." The Assignment is dated August 28, 2007 and is from Interactive Financial Acceptance, LLC to Crescent.

Crescent also filed an original and amended motion to strike Debtor's objection to its claim. Crescent contends in the motion that Debtor's objection to its claim should be stricken because Debtor failed to comply with this Court's LBR 3007(a)(2), which provides as follows:

> (a) A claims objection must comply with the requirements of LBR 9013 and must contain the following: … (2) an affidavit and/or other documentary proof in support of the objection which is sufficient to overcome the presumption of validity imposed by Fed. R. Bankr. P. 3001(f) and, if pertaining to the valuation of the collateral, a clear identification of the basis of any valuation opinion ….

In this case, Debtor failed to attach an executed affidavit to his objection to Crescent's claim. Debtor's executed affidavit was not filed until April 8, 2009, which was after the deadline for objecting to the TRCC. Debtor's executed affidavit states: "I can not determine whether I owe this debt, based on documents provided by the claimant." Debtor's executed affidavit further states: "I was not informed of the person signing the claim and it is not clear to me as to who the person represents."

## DISCUSSION

As an initial matter, Crescent's motion to strike Debtor's objection to its claim should be denied. Crescent timely received a copy of Debtor's unexecuted affidavit in support of the objection. Moreover, Debtor's executed affidavit was filed only three business days late and no prejudice was shown by Crescent.

Turning to Debtor's objection to Crescent's claim, § 502(b)(1) of the Bankruptcy Code states that, with certain exceptions not applicable here, after an objection to a claim is made,

>the court shall determine the amount of such claim … and shall allow such claim in such amount, except to the extent that such claim is unenforceable against the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured.

The legislative history of § 502(b)(1) indicates that disallowance is required "if the claim is unenforceable as against the debtor for any reason such as usury, unconscionability or the failure of consideration other than because it is contingent or unmatured." *See* H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 352 (1977); S. Rep. No. 95-989, 95th Cong., 2d Sess. 62 (1978).  As this Court explained in *In re Leverett*, 378 B.R. 793 (Bankr. E.D. Tex. 2007), an objection to a claim based upon insufficient documentation that the claimant is the current holder of the "claim is a defense that would be available to the debtor in a suit on the claim and is, therefore, a valid basis for disallowance of a claim under §502(b)(1) of the Bankruptcy Code." *Id.* at 800 (citing *In re Taylor*, 363 B.R. 303, 309 (Bankr. M.D. Fla. 2007)); *In re Tran,* 351 B.R. 440, 444 (Bankr. S.D. Tex. 2006), *aff'd,* 369 B.R. 312 (S.D. Tex. 2007)).

The burden of proof rests on different parties at different times in the claims objection process.  A properly filed proof of claim constitutes "prima facie evidence of the validity and amount of the claim." FED. R. BANKR. P. 3002(f).  Bankruptcy Rule 3001(f) permits the proof of claim to act like a verified complaint and have an independent evidentiary effect in a hearing on an objection to the claim. *See e.g., In re Cluff,* 313 B.R. 323, 340-43 (Bankr. D. Utah 2004); *Garner v. Shier (In re Garner)*, 246 B.R. 617, 622 (9th Cir. BAP 2000); *In re Circle J Dairy, Inc.,* 112 B.R. 297, 299 (W.D. Ark. 1989).  Thus, a claimant who has complied with Bankruptcy Rule 3001 and Official Form 10 may refrain from presenting additional documentation at the hearing on the objection. *See, e.g., In re Sandifer,* 318 B.R. 609, 611 (Bankr. M.D. Fla. 2004).  The

claimant will prevail unless the objecting party produces evidence at least equal in probative force to that offered by the proof of claim and which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency.  *See In re Rally Partners, LP,* 306 B.R. 165, 168-169 (Bankr. E.D. Tex. 2003).  *See also, e.g., Lundell v. Anchor Const. Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1041 (9th Cir. 2000); *Sherman v. Novak (In re Reilly)*, 245 B.R. 768, 773 (2nd Cir. BAP 2000).

In this case, Crescent's proof of claim, as amended, conforms to Official Form 10 as required by Bankruptcy Rule 3001(a) and is entitled to prima facie validity.  Debtor has presented no credible evidence to contradict or rebut the prima facie showing of Crescent's proof of claim.  Debtor's affidavit contradicts his bankruptcy schedules, which he submitted to this Court under penalty of perjury, *see* FED. R. BANKR. P. 1008 ("All petitions, lists, schedules, statements and amendments thereto shall be verified or contain an unsworn declaration as provided in 28 U.S.C. § 1746."), and is not worthy of belief.

It is undisputed from the record that Debtor listed Crescent as a secured creditor with a lien on the vehicle in question in his Schedule D and that Debtor claimed the vehicle in question as exempt in his Schedule C.  It is apparently further undisputed that Debtor had been making payments to Crescent with respect to such secured claim prior to bankruptcy.  Further, the vehicle in question was purchased within 910 days of bankruptcy and, therefore, should be paid for in full.  *See* 11 U.S.C. § 1325(a)(*); *DaimlerChrysler Fin. Services Americas, LLC v. Miller (In re Miller)*, – F.3d – , 2009 WL 1565667 (5th Cir. 2009) (discussing § 1325(a)(5) and holding that debtor could not surrender vehicle in full satisfaction of "910 claim").

5

At the hearing on Debtor's claim objection, Debtor did not question the amount of Crescent's claim or the validity of the documents attached to Crescent's amended proof of claim. Rather, Debtor challenged Crescent's lien under § 544(a) of the Bankruptcy Code. Debtor argued at the hearing on June 24, 2009, that this Court should interpret and apply the Texas Transportation Code to avoid Crescent's alleged lien on Debtor's vehicle as a matter of law. As authority, counsel for Debtor referenced the Court to *Clark Contracting Services, Inc. v. Wells Fargo Equip. Fin., Inc. (In re Clark Contracting Services, Inc.)*, 399 B.R. 789 (Bankr. W.D. Tex. 2008) and *Realty Portfolio, Inc. v. Hamilton (In re Hamilton)*, 125 F.3d 292 (5th Cir. 2008).

The debtor in *Clark Contracting Services* was a debtor-in-possession under Chapter 11 of the Bankruptcy Code. A Chapter 11 debtor has the powers of a bankruptcy trustee, *see* 11 U.S.C. § 1107(a), including the power to avoid unperfected liens pursuant to § 544(a)(1) of the Bankruptcy Code. The debtor in *Clark Contracting Services* exercised this authority by filing an adversary complaint seeking to avoid several liens under the "strong arm" powers of § 544(a).[2] In a Chapter 13 case, in contrast, a debtor may only assert the trustee's avoiding powers, including § 544(a)(1), in order to preserve exemptions, and the debtor's avoiding capacity is limited to liens that were not voluntarily granted by the debtor. *See* 11 U.S.C. § 522(h); *In re Hamilton*, 125 F.3d at 297; *In re Elam*, 194 B.R. 412, 415 (Bankr. E.D. Tex. 1996). *See generally* 14A COLLIER ON BANKRUPTCY ¶ 544.08[4] (15th ed. rev. 2009) ("An individual debtor, regardless of the chapter under which the case is filed, may exercise section 544 avoiding

---

[2] The bankruptcy court in *Clark Contracting Services* reasoned that, under Texas law, an assignee must comply with the Texas Certificate of Title Act by recording the assignment or the lien may be avoided by a judgment lien creditor. This analysis was recently rejected by another bankruptcy court interpreting similar state law provisions. *See In re Johnson*, -- B.R. --, 2009 WL 1863219 (Bankr. E.D. Ark. 2009) (interpreting the Arkansas Certificate of Title Act).

6

powers in the limited circumstances outlined in section 522(h)") (citing the Fifth Circuit's opinion in *Hamilton*). The Chapter 13 debtor in *Hamilton*, for example, brought an action seeking to avoid the involuntary transfer of his homestead.

This dispute involves a *voluntary* lien on a motor vehicle. Moreover, Debtor has not brought an adversary proceeding against Crescent or Interactive Financial Acceptance, LLC seeking to avoid the lien on his vehicle as required by Bankruptcy Rule 3007(b) and 7001(2). Debtor simply objected to Crescent's right to payment from the bankruptcy estate by filing a written objection to the allowance of its proof of claim based on insufficient documentation. *See, e.g., In re Kleibrink*, 346 B.R. 734, 747 - 48 (Bankr. N.D. Tex. 2006). Crescent responded by promptly amending its proof of claim to attach additional documentation.

A debtor and his or her counsel should carefully consider their ethical obligations under Bankruptcy Rule 9011(b) when prosecuting such an objection. This Court agrees with the observation of the Bankruptcy Court for the Northern District of Texas that "if a debtor objected to a proof of claim for lack of documentation and, in response, the claimant supplied the documentation, the court would consider imposing sanctions on an attorney who continued to prosecute an objection if the debtor lacked any other basis to challenge the claim." *In re Armstrong*, 320 B.R. 97, 109 (Bankr. N.D. Tex. 2005). In this case, however, Crescent has not requested an award of its attorneys' fees or other sanctions against Debtor or his counsel, and the Court expresses no opinion as to whether such an award might be justified under the circumstances.

**CONCLUSION**

For the foregoing reasons, the Court concludes that Debtor's objection to Crescent's claim should be overruled. The Court will enter a separate order consistent with this Memorandum Opinion.

Signed on 07/07/2009

_____ MD
ROBERT C. McGUIRE
UNITED STATES BANKRUPTCY JUDGE